```
                UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF TENNESSEE
                      NASHVILLE DIVISION


ADRIENNE TRICE,                )
                               )
        Plaintiff,             )
                               )
vs.                            )    No. 3:10-cv-00255
                               )    Judge Wiseman
COLLEEN McEACHEN, et al.,      )    Magistrate Judge Bryant
                               )    [Jury Demand]
        Defendants.            )
```

## INITIAL CASE MANAGEMENT ORDER

Pursuant to Local Rule 16.01(d)(2), the following Initial Case Management Plan is **adopted.**

1. **Jurisdiction:**

The Court has jurisdiction pursuant to 28 U.S.C. §1343 and 42 U.S.C. §1983.

2. **Plaintiff's theory of the case:**

**This cause arose from out of an investigation conducted of allegations Ms. Trice had been inappropriately treated over the course of a traffic stop. Ms. Trice was issued a citation from the incident and called the officer's supervisor and complained about the way in which Officer Tate treated her and her feeling she had been cussed. It is important to note Ms. Trice didn't absolutely relate she had been cussed but indicated he may have used "damn" and "hell" during the**

encounter and further believed his conduct toward her was racially motivated. She requested of the officer's lieutenant that he do "something" about this officer but wasn't specific as to what that something should be.

The TBI, through the agents sued, watched the encounter and arrived at the conclusion the officer's conduct wasn't racially motivated and didn't believe the officer used any curse words. Instead of closing the file and moving on to the next case, the agents presented to the home of Ms. Trice's home and interviewed her for the sole purpose of building a case against her. Ms. Trice was indicted for Aggravated Perjury and for filing a false report. She was first arrested on the 26th of January, 2009. The original indictment was dismissed the 30th day of October, 2009. In the interim, the government presented a superseding indictment the 16th of July, 2009 for two counts of D felony filing a false report and that indictment was tried to the bench on the 9th day of October, 2009.

3. **Defendant's theory of the case:**

It is defendants' position that plaintiff was knowingly or recklessly not truthful in her account of the traffic stop when she complained to Officer Tate's supervisor and asked that something be done about Officer Tate. Plaintiff stated that officer Tate verbally abused her and cursed at her, which he did not. Plaintiff accused officer Tate of being

2

racist when she had no basis for that accusation. In fact, Plaintiff raised that herself when she accused Officer Tate of being angry about Barack Obama. Plaintiff asked that something be done about Officer Tate because of his cussing and racism. Plaintiff had no basis to make those claims as to Officer Tate.

TBI agents Colleen McEachen and Chet Mason became involved in the incident only after a request was made by an Assistant District Attorney General that the TBI investigate plaintiff's claims of verbal abuse and racism. TBI agents Colleen McEachen and Chet Mason viewed the videotape and audiotape from Officer Tate's vehicle, listened to the reports from plaintiff to Officer Tate's supervisor and personally interviewed plaintiff. After gathering the information, the agents presented their report to the District Attorney General's Office. The District Attorney General made the decision to prosecute and presented the case to the grand jury. The grand jury indicted plaintiff.

Defendants acted reasonably and with probable cause. They did not act with malice. They acted in accordance with instructions from the District Attorney General. Defendants did not violate plaintiff's civil rights.

4. **Identification of the issues:**

**Issues resolved:** None

**Issues in dispute:**

**Plaintiff's issues:**

Whether complaining on an officer to his supervisor is a constitutionally protected activity?

Would being subject to arrest and public trial chill a person of ordinary firmness from continuing to complain on an officer?

Whether the actions of the defendants were, at least in part, motivated in response to the exercise of the constitutionally protected activity?

Whether the adverse action and ability to determine the criminal action was prosecuted without the benefit of the prosecutors having probable cause triggering the running of the statute of limitations is October 9, 2009?

The defendant's issues are as follows: (1) whether defendants violated plaintiff's civil rights; (2) whether defendants acted with probable cause; (3) whether defendants are entitled to defense of advice of counsel; and (4) whether defendants are entitled to qualified immunity.

5. **Need for other claims or special issues under Rules 13-15, 17-21, and rule 23 of the Federal Rules of Civil procedure:**

None

6. **Initial Disclosures and Stating of Discovery:**

Initial Disclosures shall be due on or before May 24, 2010.

Written discovery shall be completed on or before September 3, 2010.

4

Plaintiff's expert disclosures are due on or before October 4, 2010.

Defendant's expert disclosures are due on or before November 5, 2010.

All fact witnesses shall be deposed on or before September 3, 2010.

The parties shall depose all expert witnesses on or before December 3, 2010.

**Prior to filing any discovery-related motion, the parties will schedule and conduct a telephone conference with the Magistrate Judge. The counsel requesting the conference shall check with opposing counsel as to their availability before setting a time certain with the Court.**

7. **Dispositive motions:**

Dispositive motions are due on or before January 3, 2011. Responses to dispositive motions shall be filed within 28 days after service. A reply, limited to five pages, may be filed within 14 days after the response is filed.

Briefs are limited to 25 pages.

8. **Other deadlines:**

Motions to amend are due on or before June 1, 2010.

9. **Subsequent case management conferences:**

A follow-up case management conference by

telephone is scheduled for August 3, 2010, at 9:30 a.m.  Counsel for plaintiff shall initiate the call.

      10.  **Trial date:**

Jury trial date is July 12, 2011, at 10:00 a.m.  Pretrial conference date is July 1, 2011, at 10:00 a.m. Trial is expected to last 2 days.

It is so ORDERED:

                                  *s/ John S. Bryant*
                            _____
                            JOHN S. BRYANT
                            United States Magistrate Judge

APPROVED FOR ENTRY:

_____
S/Fletcher W. Long (with permission Dawn Jordan)
FLETCHER W. LONG
EDWARD T. FARMER
The Albion Building
115 5th Avenue West – Second Floor
Springfield, TN  37172


_____
S/ Dawn Jordan
DAWN JORDAN
Senior Counsel, Office of the Attorney General
P. O. Box 20207
Nashville, TN  37202-0207